WEHLE, Associate Justice.
The plaintiff-appellee will be referred to herein as the husband and the defendant-appellant as the wife.
The wife in 1952 sued her husband for divorce and obtained service by publication .alleging the husband’s residence to be unknown. A decree pro confesso was entered and the case proceeded to final decree in October 1952.
In April 1953 the husband filed a bill in the nature of a bill of review seeking to set aside the divorce, alleging that the wife had fraudulently secured constructive service by means of a false affidavit. The wife was personally served in the proceeding on April 10, 1953 and filed no appearance or pleadings. The husband did not take a decree pro confesso but on May 8, 1953, filed an amended bill in the nature of a bill of review which amended bill was identical with the original bill except for two minor and insignificant changes. The wife had meanwhile left Florida and the husband did not serve on her the amended bill in the nature of a review. On June 30, 1953, the husband proceeded to take a decree pro confesso on the original bill in the nature of a review and the wife’s default thereon. The matter was referred to a special examiner who took testimony and filed a report. Before final judgment was entered thereon the wife (on October 1, 1953) moved to vacate the decree pro confesso and for permission to file an answer to the amended bill in the nature of a bill of review, claiming that the filing of the amended bill superseded the original bill. The Chancellor denied the motion and entered final judgment on the original bill, setting aside the divorce.
The sole question presented here is whether the filing (but not serving) of an amended bill supersedes an original bill on which personal service was secured and which opposing party had failed to answer or otherwise contest.
The wife was properly served with the original bill in the nature of a bill of review, was acquainted with its content and purpose, and chose to ignore it. The filing of an amended bill, which was not served on the wife and of whose existence she did not even know, did not in any way prejudice the wife or mislead her to her injury. She was in default on the original bill and the husband had the right to take judgment in accordance with the allegations and prayers of the original bill.
The decree pro confesso entered on the original bill in the nature of a bill of review, the order denying appellant’s motion to vacate the decree pro confesso, and the order granting the relief prayed for by the bill in the nature of a bill of review, which order vacated the final decree of the divorce between the parties, are each affirmed.
ROBERTS, C. J., and HOBSON and DREW, JJ., concur.